UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

In re

PREMIER ENTERTAINMENT BILOXI
LLC (d/b/a HARD ROCK HOTEL &
CASINO BILOXI) AND
PREMIER FINANCE BILOXI CORP.
Debtors

CASE NO. 06-50975(ERG)
CHAPTER 11

(Jointly Administered)

U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF MS
FILED
2006 OCT 10 AM 11: 15
CHARLENE J KENNEDY
CLERK
BY_____DEPUTY

## OPINION

The matter before the court is the Debtors' Motion Pursuant to Section 363(c) of the Bankruptcy Code and Bankruptcy Rule 4001(b) for Order Authorizing the Use of Cash Collateral on an Interim and Final Basis, as well as the objections thereto filed by Pacific Investment Management Company LLC, Deutsche Asset Management, Western Asset Management and Lord Abbett & Co. (collectively, the "Majority Holders") and by U.S. Bank National Association, as Indenture Trustee ("U.S. Bank"). In accordance with 11 U.S.C. § 363(c) and Fed. R. Bankr. P. 4001(b), an expedited preliminary hearing was conducted on the matter on October 3, 2006. Having considered the matter and heard the evidentiary presentation, the court concludes that the Debtors are entitled to the interim use of funds as requested in the motion based on the 13 week projection presented at the hearing. The court further concludes that the Debtors have shown that the interests of the objecting parties will be adequately protected during this period.

### I. FACTUAL BACKGROUND

1. On September 19, 2006, petitions for relief under Chapter 11 of Title 11 of the United States Code were filed by Premier Entertainment Biloxi LLC (d/b/a Hard Rock Hotel & Casino

Biloxi) and by Premier Finance Biloxi Corp., ("Debtors"), in the United States Bankruptcy Court for the Southern District of Mississippi. Thereafter, it was ordered that the two cases be consolidated for procedural purposes only and jointly administered.

2. The Debtors filed their motion pursuant to Section 363(c) and Bankruptcy Rule 4001(b) for an order authorizing the use of cash collateral on an interim and final basis. The motion indicates that the Debtors have collected approximately $160.8 million in insurance proceeds from prepetition insurers for damages resulting from Hurricane Katrina.[1] The Debtors assert in their motion that:

> The indenture and collateral documents relating to the Debtors' prepetition debt provide that, following an event of loss offer to bondholders, (which has been made), to the extent such offer is not accepted, (which it was not), insurance proceeds may be utilized by the Debtors for any purpose not prohibited by such loan documents, including the rebuilding of the Resort. The insurance proceeds collected to date, plus equipment financing permitted under the indenture, are sufficient to allow the Debtors to rebuild the Resort, commence operations as early as summer 2007 but by no later than December 31, 2007 (including all pre-opening and day to day operating expenses from now through opening), and pay existing trade obligations that arose prior to and subsequent to Hurricane Katrina. Additionally, sufficient funds would exist to make all interest payments due the Debtors' secured bondholders during the rebuild period.

Debtors' Motion Pursuant to Section 363(c) of the Bankruptcy Code and Bankruptcy Rule 4001(b) for Order Authorizing the Use of Cash Collateral on an Interim and Final Basis at 2.

3. Objections to the Debtors' motion were filed by the Majority Holders and by U.S Bank. The objectors assert that they have not consented to the use of cash collateral and that the Debtors have not made sufficient provisions for the adequate protection of their interests. Furthermore, they argue that the Debtors have no direct ownership rights to the funds or accounts

---

[1] Portions of the insurance proceeds currently held by U.S. Bank have been released for approved expenditures, reducing that amount.

in question and that the funds are not cash collateral for use under 11 U.S.C. § 363(c).

4. A preliminary hearing was commenced on the Debtors' Motion on October 3, 2006, in accordance with 11 U.S.C. § 363(c) and Fed. R. Bankr. P. 4001(b).

## II. CONCLUSIONS OF LAW

The matter before the court is a core proceeding under 28 U.S.C. § 157. The court has jurisdiction over the subject matter and the parties thereto pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

Section 363(c) of the Bankruptcy Code provides, in part:

> **§ 363. Use, sale, or lease of property.**
> . . .
> (c)(2) The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless –
> (A) each entity that has an interest in such cash collateral consents; or
> (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.
> (3) Any hearing under paragraph (2)(B) of this subsection may be a preliminary hearing or may be consolidated with a hearing under subsection (e) of this section, but shall be scheduled in accordance with the needs of the debtor. If the hearing under paragraph (2)(B) of this subsection is a preliminary hearing, the court may authorize such use, sale, or lease only if there is a reasonable likelihood that the trustee will prevail at the final hearing under subsection (e) of this section. The court shall act promptly on any request for authorization under paragraph (2)(B) of this subsection.

11 U.S.C. § 363(c)(2),(3). Bankruptcy Rule 4001(b)(2) provides that a court may conduct a preliminary hearing on a motion for authorization to use cash collateral, "but the court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing." Fed. R. Bankr. P. 4001(b)(2).

The court finds that there is a reasonable likelihood that the Debtors will prevail at the final hearing under subsection (e) of 11 U.S.C. § 363(e). The court concludes that the Debtors

have met sufficiently the requirements necessary to obtain authorization to use the requested funds on an interim basis in accordance with their 13 week projected budget admitted into the record at the preliminary hearing as Exhibit #3. The court further concludes that the interests of the objecting parties will be provided with sufficient adequate protection during this interim period as delineated on the record by Debtors' counsel, including funds held by U.S. Bank, insurance policies currently in effect and the value of assets held as collateral by the objectors.

The Debtors should be authorized to have access to the funds held by U.S. Bank pursuant to their limited 13 week projection, and their motion should be granted to the extent of use of those funds on an interim basis for that specified period of time. The court's ruling as to authorization for an interim order for the use of the subject funds does not extend to any specific or final determinations as to the Debtors' rights in the funds or to the permanent use thereof.

Based on the foregoing, the Debtors' Motion Pursuant to Section 363(c) of the Bankruptcy Code and Bankruptcy Rule 4001(b) for Order Authorizing the Use of Cash Collateral on an Interim and Final Basis should be approved to the stated extent on an interim basis, and the objections of the Majority Holders and U.S. Bank are overruled.

**DATED THIS** the 10th day of October, 2006.

*Edward R. Gaines*
EDWARD R. GAINES
UNITED STATES BANKRUPTCY JUDGE